Our next case up is 417-0874, People v. Brian Tapp. For the appellant is Patrick Langdon. You are he, sir? That's correct. And for the appellee is James Ryan Williams. You are he. Okay, Mr. Langdon, you may proceed. Justices, counsel, may it please the court. Counsel. My name is Patrick Langdon. I'm counsel for the appellant, Brian Tapp. In this case, the trial court was presented with two expert opinions. The first was an evaluation conducted almost two years prior to the trial, which recommended that Mr. Tapp be continued in confinement. The second was conducted almost 15 months later, which recommended that Mr. Tapp be conditionally released. The case law and statutory law require that when a sexually dangerous person is recommended to be confined, you examine the present mental condition of the individual. In this case, such a report that was two years old was outdated. You keep talking about the report, and you do that in the brief, too, but in reality, that expert testified. That's correct. So she testified not just based on her report, but she also testified based on more recent phone calls with therapists and review of the most recent reports that came from the facility, correct? That's correct. So it's not based on a two-year-old report. That was merely one component of her ultimate opinion, correct? That's correct. And I guess to argue that is the thinking there is that if her concerns were such that she required further examination, that she would have conducted an additional report on Mr. Tapp. But that was not done. It was simply a follow-up examination. So obviously, based on all the additional information she obtained, she didn't feel that another examination was necessary. That's correct. Because the evidence was showing that, in fact, he was regressing. He was not progressing. That's what her testimony said. Well, didn't your expert also acknowledge that? Yes, she did. But ultimately, she recommended that he be conditionally discharged. Right. But she acknowledged that the evidence, her most recent evidence, which actually wasn't even as most recent as the state's experts. Correct. In fact, she stopped looking at reports some months earlier. That's correct. Counselor, there's case law that suggests that the age of the report goes to the weight of the evidence, not its admissibility. Do you disagree with that? No, I don't think so. Is it the Bailey case you're talking about? Pitts, I think, is the case. There are probably more than one. Sure, sure. So the Bailey case, it has sort of a three-factor test that it has. The passage of time while the petition is pending, the respondent's behavior during that time while the petition is pending, and then the remoteness of the psych report. And so in that case, two initial reports were conducted. They were almost three years old at the time of the trial. Then two subsequent reports were conducted. And then, ultimately, the subsequent reports took precedent over the prior reports. And they fell court reversely. Continuing, our stance is that the second report that came before, although it did not have a follow-up that the initial report did, it is a more formal report that was conducted with more recent information. And the ultimate recommendation from Dr. King's report was that Mr. Tapp be conditionally discharged. And the second part of our argument is ineffective assistance of counsel, such that counsel should have objected to the outdated report of Dr. Padera. Isn't the point with regard to that argument that to make it, had counsel objected, it would have been sustained? Because if counsel objected, and the court would have said, or ruled that that would have been the correct ruling, you have no basis for ineffective assistance. Right. The objection has still sort of been made. I guess it's hard to tell whether it would have been sustained. Well, what would be the correct ruling if the trial court had an objection been made? Would the correct ruling have been overruled? And implicitly, why are you bothering me with that? I think some of the case law that we've cited in the brief would disagree with that, would say that the more recent formal report, rather than the follow-up interviews and testimony, would carry more weight and more accurately capture Mr. Tapp's present sense of mind. The key to your response was more weight. That doesn't affect the disability. So would the objection be overruled? It's the weight I'll decide to give to that older report. True? That's true. Also, is an expert allowed to rely upon any reasonable basis, regardless of its age, as long as there's some justification for it? I believe so, yes. Continuing the ineffective assistance of counsel argument, had the report been struck, the court would have been presented with only one evaluation, in which the final recommendation of that evaluation was to conditionally discharge Mr. Tapp. Would it be true that even under that scenario, the court would still not necessarily have to follow the recommendation of the expert opinion favorable to your client? Yes, that's accurate, but I don't believe the court would be an expert in that matter and I would hope it would take the expert's recommendation on that to conditionally discharge Mr. Tapp. But anyway, that's the gist of my argument. So if there are any further questions, I'd be happy to field them. If not, we would ask that this court reverse and remand the trial court's ruling. Thank you, counsel. You have the opportunity to address this again in rebuttal. Thank you. Mr. Williams. May I please record? Counsel. My name is James Ryan Williams, and on behalf of the state's attorneys and fellow prosecutors, it's my privilege to represent the people of the state of Illinois before this honorable court. So first of all, any error with respect to the consideration of this 2016 report has been forfeited. The objection was not made. But the state's initial position really is that no error occurred here, so counsel was not deficient, and in any event, the defendant cannot establish prejudice. So the basic argument here is that the court erred at a 2017 hearing by considering a 2016 report and adjudicating a 2015 recovery petition. Specifically, the argument is that the 2016 report was so outdated that when the court considered the report and testimony based in part thereon in concluding that the defendant remained a sexually dangerous person, the court violated the defendant's right to be evaluated based on his present mental condition. However, the present mental condition, as used in our case law, refers to the defendant's present mental disorder. So he basically had the right to be evaluated based on his present mental disorder, and at the recovery hearing itself, the defendant stipulated that he was presently suffering from a qualifying mental disorder. Both evaluators here agreed that he was properly diagnosed with antisocial personality disorder, as well as specific paraphilic disorder, and that he was aroused by nonconsensual females. The only dispute really was whether he was properly diagnosed with paraphilic disorder. To that end, the second expert, whose opinion the defendant champions here, she stated that she didn't think that he had admitted that attraction to children, although she admitted she could be wrong. And so her basic analysis here was because only one of his four victims was prepubescent, that being an eight-year-old girl who he repeatedly assaulted over six months, whereas the other three victims were, I believe the ages were 13, 15, and 16, so I guess it was assumed that they were postpubescent. But based on this, the second expert opined that perhaps he was not properly diagnosed with paraphilic disorder. But in any event, whether he suffered from that particular disorder or not, the defendant nonetheless stipulated that he was suffering from qualifying mental disorder. And for that reason, the court's decision that he remained a sexually dangerous person was in fact based on his present, not his past, mental condition. Now, notwithstanding this stipulation that he suffered from a qualifying mental disorder, the defendant argues that the 2016 report was so outdated that it became improper evidence. However, the defendant offers absolutely no authority for the proposition that a report filed after and in response to a recovery application can ever be so outdated that it becomes inadmissible evidence. In the cases that are cited in the briefing, the court there relied on the defendant's mental condition at the time of his original commitment, which is just simply not what happened here. Now, it should also be noted that to the extent that there's even an argument that this report was outdated, that's largely a consequence of the defendant's own numerous intervening motions. And the State's position is that it would be unreasonable to hold that a report filed, again, after and in response to a recovery application can ever be rendered inadmissibly outdated by a delay caused by the defendant's own intervening filing. Now, with respect to the first evaluator's opinion, the defendant takes exception to it because he argues that she did not confirm her conclusions from two years earlier. However, that's just simply not true. She testified at length about the various follow-up steps that she took really just before the hearing. And those included, as Your Honors noted, her recent correspondence with the defendant's primary therapist at the Department of Corrections. She also reviewed his, I believe it was his most recent treatment plans, semiannual program evaluation, and his recent group notes. So contrary to the defendant's assertion here, the evaluator did in fact confirm her prior opinion before offering the opinion that he remained a sexually dangerous person. And that's actually in contrast to the evaluator whose opinion the defendant champions in this case, who actually did not take any follow-up steps, as Your Honor noted, after submitting her report six months before the hearing. So ironically, it's actually the evaluator whose opinion the defendant champions here who rendered an opinion without confirming those prior conclusions. Now finally, even if a report that, again, filed after and in response to the recovery application can somehow become so outdated that it's inadmissible evidence, the court's decision that the defendant remained a sexually dangerous person still was not against the manifest weight of the evidence. The defendant's own, or again, the evaluator whose opinion the defendant champions here, although she did recommend that he be released, she nevertheless, again, admitted he was diagnosed with two qualifying mental disorders, anti-personality disorder and specific paraphilic disorder, and that he's aroused by non-consenting females. She also admitted, as Your Honor noted, that he had regressed in his progress and in his treatment plans since 2015 when he filed the recovery application. She also admitted that his biggest problem continues to be entitlement, power, and control issues, which was of particular concern because those recidivism factors were present prior to his 2002 release. And she admitted that there's no cure for the sexual-related issues that he suffers from, explaining that really the only question is whether he would be able to control himself. And then finally, and perhaps most importantly, she admitted that all of the assessments indicated that he was actually at an above-average risk to re-offend, in part because, again, he had a continued interest in non-consenting females. So a decision of the trial court in a matter like this is only against the manifest weight of the evidence where the opposite conclusion is clearly apparent. Given all of this evidence from the evaluator whose opinion the defendant champions here, it can't reasonably be said that the trial court's decision here, or that it was clearly apparent that this individual was no longer a sexually dangerous person. So the trial court's decision that he remained a sexually dangerous person was not against the manifest weight of the evidence. And for those same reasons, the defendant's ineffective assistance argument also fails because he simply can't establish prejudice. There's not a reasonable likelihood that the result of the hearing would have been different even if counsel had objected to this, and even if this 2016 report had been excluded. So unless this court has any further questions, I respectfully ask that you affirm the judgment. Thank you, counsel. Mr. Langdon, any rebuttal, sir? No further. Okay. Thank you, counsel. We'll take this matter into advisement and be in recess.